IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARREN L. JAMES, SR.,

    Plaintiff,

v.                                                                            No. 25-cv-501-KWR-JHR

BREANNA RODRIGUEZ, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) ("IFP Motion"). Plaintiff is incarcerated and proceeding *pro se*. Also before the Court are Plaintiff's Motion for Temporary Restraining Order (Doc. 3); Motion for Preliminary Injunction (Doc. 4); Motions for Service of Summons (Docs. 5 and 6); Motion for Hearing (Doc. 9); Motion for Appointment of Counsel (Doc. 10); and Motion for Jury Demand (Doc. 11). For the reasons stated below, the Court grants the IFP Motion and assesses an initial partial payment, and denies the pending motions without prejudice.

    A.  <u>IFP Motion</u>

Plaintiff's financial information reflects he is unable to prepay the $405.00 filing fee for his prisoner civil rights complaint. The Court will therefore grant the IFP Motion, which reduces the fee to $350.00, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of …[his] average monthly deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action. *Id.*

Plaintiff's financial statement reflects a balance of $28.61. *See* (Doc. 2) at 3. The Court will assess an initial payment of $5.72 (which is 20% of the balance) pursuant to § 1915(b)(1). After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid. If Plaintiff fails to timely make the initial partial payment, his complaint may be dismissed without further notice.

B. Plaintiff's Motions

Plaintiff has filed the following motions: Motion for Temporary Restraining Order (Doc. 3); Motion for Preliminary Injunction (Doc. 4); Motions for Service of Summons (Docs. 5 and 6); Motion for Hearing (Doc. 9); Motion for Appointment of Counsel (Doc. 10); and Motion for Jury Demand (Doc. 11). The Court considers each motion below.

1. Motions for Injunctive Relief

In his Motion for Temporary Restraining Order (Doc. 3) and Motion for Preliminary Injunction (Doc. 4), Plaintiff seeks an injunction or protective order regarding the manner his medication is administered. To obtain an injunction, a movant must clearly establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party; and (4) the injunction is not adverse to the public interest. *See Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). A federal court considering preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). "[B]ecause the purpose of

preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018). Plaintiff has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal, and he has not demonstrated a likelihood of imminent irreparable harm. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."). Therefore, the Court denies Plaintiff's Motion for Temporary Restraining Order (Doc. 3) and Motion for Preliminary Injunction (Doc. 4) without prejudice. He may renew these requests if the Complaint survives initial review.

2. Motions for Service and Hearing

Plaintiff has filed two Motions for Service of Summons (Docs. 5 and 6) and a Motion for Hearing (Doc. 9). These requests are premature. Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, which require the Court to dismiss the Complaint *sua sponte* if it fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. Requests for service and hearings are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock*, 549 U.S. 199, 213-214 (2007). Moreover, the Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid. If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service and case management.

3

### 3.  Motion for Appointment of Counsel

As to Plaintiff's Motion for Appointment of Counsel (Doc. 10), "[c]ourts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  This decision is a matter of discretion.  *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues."  *Rachel*, 820 F.3d at 397.  Considering these factors, the Court will not ask a local attorney to handle this case on a *pro bono* basis.  The claims pertain to Plaintiff's conditions of confinement and are not especially complex.  Plaintiff's filings also reflect he is able to prosecute this action on a *pro se* basis.  Plaintiff's Motion for Appointment of Counsel (Doc. 10) will therefore be denied without prejudice.

### 4.  Jury Demand

In his Motion for Jury Demand (Doc. 11) Plaintiff asks the Court to order a jury trial.  The Court discerns Plaintiff is attempting to preserve his right to a jury trial in accordance with Fed. R. Civ. P. 38(b) and Fed. R. Civ. P. 5(d).  Those rules ordinarily require the plaintiff to serve a written jury demand on the defendants within "14 days after the last pleading directed to the issue is served," and "in accordance with [the procedures set forth in] Rule 5(d).  Fed. R. Civ. P. 38(b)(1).  However, the pleadings here are not ready to be served because the Complaint is subject to screening under 28 U.S.C. § 1915, and *sua sponte* dismissal is required where the complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915A(b) and 1915(e)(2).  The Court will therefore deny the Motion for Jury

4

Demand (Doc. 11) without prejudice, but directs the Clerk's Office to re-title the document as a "Notice of Jury Demand," to preserve Plaintiff's rights under Rules 38(b) and 5(d).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 2**) is **GRANTED**, and within thirty (30) days from entry of this Order, Plaintiff shall send to the Clerk an initial partial payment of **$5.72**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (**Doc. 3**); Motion for Preliminary Injunction (**Doc. 4**); Motions for Service of Summons (**Docs. 5** and **6**); Motion for Hearing (**Doc. 9**); Motion for Appointment of Counsel (**Doc. 10**); and Motion for Jury Demand (**Doc. 11**) are **DENIED without prejudice** as set forth above;

**IT IS FURTHER ORDERED** that the Clerk's Office shall **RE-TITLE** the Motion for Jury Demand (**Doc. 11**) as a "Notice of Jury Demand";

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with two copies of this Order, and that Plaintiff make the necessary arrangements to attach one copy of this Order to the check in the amount of the initial partial payment;

**IT IS FINALLY ORDERED** that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

_____/S/ KEA W. RIGGS_____
UNITED STATES DISTRICT JUDGE